# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| TARESA J. MARLOW, | : |
| Plaintiff, | : |
| | : **C.A. No.:** |
| vs. | : |
| | : JURY TRIAL |
| | : DEMANDED |
| HERTRICH FAMILY OF AUTOMOBILE | : |
| DEALERSHIPS, FRED W. HERTRICH IV, | : |
| RHONDA MCCREA, ANN FRENCH | : |
| AND DANIELLE CALANDRA | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Taresa J. Marlow, sues Defendants, Hertrich Family of Automobile Dealerships ("Hertrich), Fred W. Hertrich IV, Rhonda McCrea, Ann French, and Danielle Calandra, as individuals, shows:

## Introduction

1.  This is an action by Taresa J. Marlow against her former employer for unpaid overtime, unpaid wages pursuant to the Fair Labor Standards Act. By the filing of this action, Plaintiff seeks damages and a reasonable attorney's fee.

## Jurisdiction

2.  This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within Dover, Kent County, Delaware, in the District of Delaware, which is where venue is proper.

## Parties and General Allegations

4. Plaintiff, Taresa J. Marlow, (hereinafter "Marlow") is a resident of Dover, Delaware.

5. On or around April 27, 2017 Marlow became employed with Hertrich as 2015 as a Human Resources Administrative Assistant, and was later promoted to the Human Resources Employee Development Coordinator in Milford, Delaware.

6. In that role she acted as a liason for employers, handled, payroll action requests, terminations, write ups, and unemployment claims.

7. She was a non-exempt employee who started at $10 an hour. Eventually Marlow's performance warranted raises and her ending wage was $17.00 an hour.

8. During her employment, Ms. Marlow regularly worked more than 40 hours a week while she was employed by Hertrich.

9. There were many instances when Ms. Marlow's time sheets were illegally altered by Ann French and Rhonda McCrea so Hertrich could get away with not paying Ms. Marlow her mandated overtime rate and pay.

10. Ms. Marlow's supervisors, Fred W. Hertrich IV, Rhonda McCrea, HR Director Ann French, and accountant Danielle Calandra all oversaw Hertrich's

payroll system ensuring employees like Ms. Marlow and others similarly situated would not receive pay for all the hours they work.

11. Marlow never received overtime pay even though she worked in excess of 40 hours a week.

12. Not only did Marlow not receive overtime pay, but she also did not receive her normal rate of pay for any hours worked over 40.

13. All of these hours were entered into Hertrich's computer system.

14. Hertrich was well aware that Marlow and similarly situated employees worked over 40 hours a week and Hertrich created a system to ensure they would not get properly paid despite benefiting from the unpaid time that they worked.

15. That means at the minimum, Marlow worked over 40 hours a week and is owed thousands of dollars of overtime pay.

16. Marlow was at all times material, employed by Defendants and was an employee as defined by 29 U.S.C. § 203(e).

17. Defendants' businesses in Kent County, Delaware, are an enterprise engaged in an industry affecting commerce, and is an employers as defined by 29 U.S.C. § 203(d), which have employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the locations where Marlow was employed.

18. Defendant, Fred W. Hertrich IV is a partner at Hertrich and helped direct and manage Marlow's schedule.

19. Defendant Fred W. Hertrich IV acted and acts directly in the interests of Defendant Hertrich, in relation to its employees. Thus, Fred Hertrich was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

20. Defendants Rhonda McCrea, HR Director Ann French, and accountant Danielle Calandra acted and act directly in the interests of Defendant Hertrich, in relation to its employees. Thus, the individual Defendants are an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

21. In September 2019, Marlow complained that she was not receiving proper compensation regarding her State Fair work and that Althena Lundin was receiving additional compensation for the same work.

22. After she complained to Hertrich, Marlow was chided by both Ann French and Danielle Calandra for reporting the problem.

23. After that complaint Marlow was subject to strict scrutiny and was terminated on January 7, 2020 for ambiguous reasons.

24. It should be noted that Marlow's job performance was never questioned prior to complaining about her pay. It was illegal for Hertrich to retaliate against Ms. Marlow for complaining about her pay.

## COUNT I

**VIOLATION OF FLSA BY DEFENDANT HERTRICH, FRED HERTRICH, RHONDA MCCREA,  ANN FRENCH, AND DANIELLE CALANDRA - OVERTIME**

25.     Plaintiff Marlow, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 19 above.

26.     Since on or about April 27, 2017 up to and including January 7, 2020, Defendants Hertrich, Fred W. Hertrich IV, Rhonda McCrea, HR Director Ann French, and accountant Danielle Calandra have willfully violated the provisions of § 7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically Marlow, since April 2017, has worked in excess of 40 hours a week every week of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

27.     The failure to pay overtime compensation to Marlow is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.  In the alternative, if Marlow was exempt, Defendants' actions and/or conduct have effectively removed any exemption that may have applied to Marlow.

28.     Defendants' actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and Marlow's status as non-exempt, but chose not to pay her in accordance with the Act.

29. Marlow is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendants Hertrich, Fred W. Hertrich IV, Rhonda McCrea, Ann French, and Danielle Calandra:

    a.    All unpaid overtime that is due;

    b.    As liquidated damages, an amount equal to the unpaid overtime owed;

    c.    The costs of this action, and;

    d.    A reasonable attorney's fee.

### **VIOLATION OF FLSA/19 DEL. C. 1101 ET SEQ. FOR RETALIATION**

30. Paragraphs 1 through 29 are incorporated as if referenced herein

31. It is illegal for any employer to fire, demote, or in other way discriminate against an employee for exercising his FLSA rights.

32. The provision covers both formal complaints (such as filing a lawsuit, or contacting the Department of Labor) and informal complaints (such as complaining to one's supervisor or the HR Department).

33. In *Kasten v. Saint-Gobain Performance Plastics Corp.*, the U.S. Supreme Court held that even oral complaints are enough to give rise to a claim for FLSA retaliation. As the Court held, as soon as an employee gives the employer "fair notice" of his concerns regarding the overtime or minimum wages, the FLSA retaliation provisions apply.

34. Upon complaining that Hertrich unlawfully violated her FLSA and 19 Del. C. 1101 et seq. rights by not paying her properly, Marlow was terminated by Defendant.

35. Such acts as described above by Defendant, Hertrich, its agents and employees constitute unlawful retaliation against Plaintiff for having complained of FLSA and under 19 Del. C. 1101 et seq. violations.

36. As a direct and proximate result of Defendant's unlawful retaliation, by and through its agents and employees, Plaintiff Marlow, has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and lost wages and lost benefits.

## COUNT II
## WAGES DUE UNDER 19 DEL. C §1111 AGAINST DEFENDANTS ACTS

37. Paragraphs 1 through 36 are hereby realleged and incorporated herein by reference as if fully set forth herein.

38. Defendant Hertrich, as employer, has, without any reasonable grounds for dispute, failed to pay the Plaintiff's wages on a timely basis as required under 19 Del. C. 1101 et seq.

39. Defendant is liable to Plaintiff for liquidated damages in the amount of 10 percent of the unpaid wages for each day, except Sunday and legal holidays,

upon which such failure continues after the day upon which payment is required or in an amount equal to the unpaid wages.

**WHEREFORE**, Plaintiff, Taresa Marlow, prays that this court will grant judgment against Defendants Hertrich, Fred Hertrich, Rhonda McCrea, Ann French, and Danielle Calandra, jointly and severally:

    a.    awarding Marlow payment of overtime compensation and compensation found by the court to be due to her under the Act, including pre-judgment interest;

    b.    awarding Marlow an additional equal amount as liquidated damages;

    c.    awarding additional liquidated damages for unreasonably delayed payment of wages;

    d.    awarding Marlow her costs, including a reasonable attorney's fee; and

    e.    granting such other and further relief as is just.

**THE POLIQUIN FIRM LLC**

/s/ Ronald G. Poliquin
RONALD G. POLIQUIN, ESQUIRE
Delaware Bar ID No. 4447
1475 S. Governors Ave.
Dover, DE  19904
(302) 702-5501
*Attorney for Plaintiff*

Dated: December 18, 2020